NOTE: CHANGES MADE BY
THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RENE AGUILAR CARBALLO,<br><br>             Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | No. CV 08-04633 ABC (MANx)<br><br>**PROTECTIVE ORDER** |

Based upon the parties' Stipulation Re: Protective Order ("Stipulated Protective Order"), filed on November 25, 2009, the terms of the parties' Stipulated Protective Order are adopted as a Protective Order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendments to paragraphs 3, 9, and 10.

The parties are expressly cautioned that this Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as Confidential Material by the parties. Accordingly, reference to this Stipulated Protective Order or to the parties' designation of any information, document, or thing as Confidential Material

1  is wholly insufficient to warrant filing under seal.  Good cause
2  must be shown to support a filing under seal, and the parties'
3  mere designation of any information, document, or thing as
4  Confidential Material does not – without the submission of
5  **competent evidence** establishing that the material sought to be
6  filed under seal qualifies as confidential, proprietary, trade
7  secret, or private information – establish good cause.

## TERMS OF PROTECTIVE ORDER

11      1.   In connection with discovery proceedings in this
12  action, the parties may designate any document, thing, material,
13  testimony or other information derived therefrom, as
14  "Confidential" under the terms of this Stipulated Protective
15  Order (hereinafter "Order").  Confidential information is
16  information which has not been made public and which concerns or
17  relates to sensitive documents, including personnel files or
18  other information subject to the Privacy Act (codified at 5
19  U.S.C. § 552a), law enforcement techniques, policies and
20  procedures, and criminal investigative files.
21      By designating a document, thing, material, testimony or
22  other information derived therefrom as "confidential," under the
23  terms of this order, the party making the designation is
24  certifying to the court that there is a good faith basis both in
25  law and in fact for the designation within the meaning of Federal
26  Rule of Civil Procedure 26(g).
27      2.   Confidential documents shall be so designated by
28  stamping copies of the document produced to a party with the

1  legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the
2  cover of any multipage document shall designate all pages of the
3  document as confidential, unless otherwise indicated by the
4  producing party.
5      3.   Testimony taken at a deposition *[text deleted]* may be
6  designated as confidential by making a statement to that effect
7  on the record at the deposition *[text deleted].* Arrangements
8  shall be made with the court reporter taking and transcribing
9  such proceeding to separately bind such portions of the
10 transcript containing information designated as confidential, and
11 to label such portions appropriately.
12     4.   Material designated as confidential under this Order,
13 the information contained therein, and any summaries, copies,
14 abstracts, or other documents derived in whole or in part from
15 material designated as confidential (hereinafter "Confidential
16 Material") shall be used only for the purpose of the prosecution,
17 defense, or settlement of this action, and for no other purpose.
18     5.   Confidential Material produced pursuant to this Order
19 may be disclosed or made available only to the Court, to counsel
20 for a party (including the paralegal, clerical, and secretarial
21 staff employed by such counsel), and to the "qualified persons
22 designated below:
23     (a)  a party, or an officer, director, or employee of a
24          party deemed necessary by counsel to aid in the
25          prosecution, defense, or settlement of this action;
26     (b)  experts or consultants (together with their clerical
27          staff) retained by such counsel to assist in the
28          prosecution, defense, or settlement of this action;

      (c)   court reporter(s) employed in this action;

      (d)   a witness at any deposition or other proceeding in this action; and

      (e)   any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party

independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers **shall be filed in accordance with the provisions of L.R. 79-5 of the Local Civil Rules of this Court.**

10. In the event that any Confidential Material is used in any court proceeding in this action **[text deleted]** the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed

1  to have the effect of an admission or waiver by either party or
2  of altering the confidentiality or nonconfidentiality of any such
3  document or information or altering any existing obligation of
4  any party or the absence thereof.
5       13.  This Order shall survive the final termination of this
6  action, to the extent that the information contained in
7  Confidential Material is not or does not become known to the
8  public, and the Court shall retain jurisdiction to resolve any
9  dispute concerning the use of information disclosed hereunder.
10 Upon termination of this case, counsel for the parties shall
11 assemble and return to each other all documents, material and
12 deposition transcripts designated as confidential and all copies
13 of same, or shall certify the destruction thereof within 60 days
14 of the termination of this action.

DATED: February 1, 2010      _____
                                   *Margaret A. Nagle*
                             MARGARET A. NAGLE
                             UNITED STATES MAGISTRATE JUDGE

PRESENTED BY:

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

 /s/ *Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Rene Aquilar Carballo v. United States of America</u>, United States District Court for the Central District of California, Civil Action No. CV 08-4633 ABC (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____